**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 1 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

HAROLD EDWARD DAVENPORT,
a/k/a Pops,

    Defendant-Appellant.

No. 97-3286
(D. Kan.)
(D.Ct. No. 96-CR-40023-01)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **SEYMOUR, BRORBY,** and **BRISCOE**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Davenport was convicted by a jury of five separate drug counts. He was sentenced to a total of eighty-eight months imprisonment, with the various sentences being served concurrently. On appeal, Mr. Davenport raises one issue: sufficiency of the evidence concerning all five counts. We review challenges to the sufficiency of the evidence *de novo*. *United States v. Jaynes*, 75 F.3d 1493, 1498 (10th Cir. 1996).

This case is factually simple. At trial, the Government called six witnesses. An officer of the Topeka Police Department testified that he made three controlled buys of crack cocaine from Mr. Davenport. Another officer testified he participated in a raid of Mr. Davenport's home, where more than eighty rocks of crack cocaine were discovered. One of Mr. Davenport's customers testified she had been purchasing crack cocaine from him for almost three months. Another police officer testified he was present at the raid of Mr. Davenport's residence and conducted a search of his person, discovering marked money utilized by the police officer who had made a controlled buy from Mr. Davenport. Yet another police officer testified he found crack cocaine in Mr. Davenport's residence when the search warrant was executed. A codefendant, who entered a plea of guilty to reduced charges, testified she was involved in an ongoing business with Mr. Davenport wherein they sold crack cocaine together from his

residence.

The evidence presented of Mr. Davenport's guilt on all charges is overwhelming. The evidence includes personal sales of cocaine by the defendant to a police officer; the discovery of extremely large amounts of pre-packaged cocaine in Mr. Davenport's residence; the testimony of a long-term customer of Mr. Davenport's operation; and the testimony of Mr. Davenport's partner. There was no contrary evidence. If the jury believed the witnesses, as it obviously did, there could be no other result than guilty verdicts on all five counts.

Mr. Davenport's counsel very commendably filed an *Anders* brief and requested he be allowed to withdraw from further representation of Mr. Davenport in this case. *See Anders v. California*, 386 U.S. 738 (1967). We grant this motion.

The judgment and sentence of the district court is **AFFIRMED**.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-3-